FILED

2023 Aug-25  AM 10:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL JOE DYER, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 5:23-cv-00962-LCB** |
| | § | |
| **CAPITAL ONE,** | § | |
| | § | |
| **Defendant.** | § | |

## OPINION & ORDER

Plaintiff Joe Dyer brings this action against Defendant Capital One, claiming that Capital One violated 15 U.S.C. § 1681s-2(a)(1) of the Fair Credit Reporting Act ("the FCRA") through "unlawful reporting of late payment for March 2021 credit card payments." (Doc. 1-1 at 3.)[1] Before the Court is Capital One's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 2.) Dyer has not responded to the motion, even after the Court ordered him to do so. (Doc. 4.) Thus, pursuant to the Court's initial order (Doc. 3), the Court will treat the motion as unopposed.

Rule 8 of the Federal Rules of Civil Procedure establishes the general standard for pleading civil claims in federal court. *E.g.*, *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010). The Rule requires that a complaint contains "a short and plain

---

[1] Dyer filed this action in the District Court of Madison County, Alabama, and Capital One removed it. (Doc. 1 at 1.)

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not demand "detailed factual allegations," but it does require something beyond "labels and conclusions" or "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Rule 12(b)(6) provides that a party may move to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true, to assert a facially plausible claim for relief. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (per curiam). A claim is facially plausible when it raises "'a reasonable expectation that discovery will reveal evidence of the defendant's liability." *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556). Allegations "merely consistent" with a defendant's liability are insufficient to push "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 557, 570. When reviewing a motion to dismiss, the district court accepts a complaint's factual assertions as true and construes those assertions in the light most favorable to the pleader. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).

The FCRA imposes two separate duties on furnishers of credit information. "First, § 1681s–2(a) requires furnishers to submit accurate information to credit reporting agencies." *Green v. RBS Nat'l Bank*, 288 Fed. App'x 641, 642 (11th Cir.

2008); *see, e.g.*, 15 U.S.C. § 1681s-2(a)(1) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."). "Second, § 1681s–2(b) requires furnishers to investigate and respond promptly to notices of customer disputes." *Green*, 288 Fed. App'x 641, 642.

The FCRA "explicitly bars suits for violations of" § 1681s–2(a). *Peart v. Shippie*, 2009 WL 2435211, at *1 (11th Cir. 2009). "Enforcement of this provision is limited to federal agencies, federal officials, and state officials." *Green*, 288 Fed. App'x at 641 n.2. Based on the foregoing, where, as here, Dyer alleges only that Capital One violated § 1681s–2(a) by reporting incorrect information regarding his account, Dyer has failed to state a claim upon which relief can be granted.

Section 1681s-2(b) of the FCRA does provide a private right of action to consumers. However, "this provision can be enforced through a private right of action only if the furnisher received notice of the consumer's dispute from a consumer reporting agency." *Peart*, 2009 WL 2435211, at *1 (citation omitted). To adequately allege a plausible claim for a violation of § 1681s-2(b), a consumer must allege, inter alia, that the consumer lodged a dispute with a consumer reporting agency regarding his account and the furnisher "received notice of the dispute from a consumer reporting agency…." Quale v. Unifund CCR Partners, 682 F. Supp. 2d 1274, 1282 (S.D. Ala. 2010) (dismissing plaintiff's § 1681s-2(b) claim because

plaintiff failed to allege furnisher's receipt of notice from a consumer reporting agency).

Here, to the extent Dyer is attempting to state a cause of action under § 1681s-2(b), if at all, any such claim fails as a matter of law because Dyer does not plead the essential elements of such a claim.

The Court thus **GRANTS** Capital One's motion (Doc. 2) and **DISMISSES** this action **with prejudice**. A final judgment will be entered separately.

**DONE** and **ORDERED** August 25, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE